FILED

2007 AUG -7 PM 2:13

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1. SHIRLEY V. REMMERT, PRO SE
2. BK. #1112552
3. WOMEN'S CORRECTIONAL CENTER
4. 1590 MAPLE STREET / DORM C
5. REDWOOD CITY, CA 94063
6.     UNITED STATES DISTRICT COURT
7.     NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 8. PEOPLE OF THE STATE OF | DEFENDANT'S DECLARATION OF |
| 9. CALIFORNIA, PLAINTIFF, | CONSTITUTIONAL VIOLATIONS INCLUDING |
| 10. v. | INADEQUATE COUNSEL UNDER |
| 11. SHIRLEY V. REMMERT, | MARSDEN/JUDGES' ABUSE OF DISCRETION/ |
| 12.     DEFENDANT | SUPERIOR COURT OF SAN MATEO COUNTY |
| 13. | CASES NO. SM340531A; SM351187 |
| 14. | REMOVED TO U.S.D.C. / |
| 15. | EX PARTE COURT FOR RELEASE FROM |
| 16. | CUSTODY/ CASE NO. |
| 17. | C-07-80155 VRW(CW) |
| 18. | HON. CLAUDIA WILKENS |

19.     I, DEFENDANT SHIRLEY V. REMMERT, HEREBY FILE A
20. DECLARATION OF CONSTITUTIONAL VIOLATIONS IN THE ABOVE
21. CRIMINAL CASES INCLUDING THAT OF INADEQUATE COUNSEL
22. UNDER THE STATE MARSDEN RULING. THIS PLEADING
23. ACCOMPANIES MY MOTION FOR CONDITIONAL RELEASE FROM JAIL.
24.
25.                                       1 OF 1

[DEFENDANT'S DECLARATION/ 7-30-07/ C-07-80155 VRW/CW]

1  The history of these alleged irregularities,
2  violations, and abuses in the court process is
3  as follows:
4     CASE NO. SM340531A
5     JURY TRIAL: NOV 13&21, 2006
6  On March 26, 2005, I was arrested for taking
7  my mother out of a facility without permission from
8  her conservator, the Public Guardian of San Mateo County.
9     Around August, 2005, I was indicted or
10 charged, then arraigned for the said offenses. There
11 was also a preliminary hearing with Hon. Ellis. I
12 represented myself.
13    For the trial, I was given a court-appointed
14 attorney, Mitri Hanania, of the Private
15 Defenders Office. He wrongfully
               (Continued)

[DEFENDANT'S DECLARATION / 7-30-07 / C-07-80155 VRW-CW]

1
2
3  allowed the District Attorney to join charges (removing my
4  mother with the charge of removing my daughter). By
5  doing this, I was never arraigned or given a preliminary
6  hearing regarding my daughter. No motion for relief from
7  prejudicial joinder was filed by my attorney.
8       The attorney did not tell the judge and jury that I
9  was never arrested for removing my daughter and that the
10 D.A. could not try me for helping my mother leave the
11 facility because of the nursing facility's unclean hands.
12      No police incident report was made regarding the
13 incident with my daughter until the date of the trial over
14 one and a half years later.
15 2)   My attorney failed to tell the jury that my daughter,
16 32 years old, was not a dependent or disabled on the date of
17 the charged offense of March 26, 2005. A federal court order
18 for conviction and probation declares her as competent. She was
19 employable and not on disability. Psychiatric medication
20 by force, however, soon disabled her enabling the county to
21 conserve her.
22 3)   My attorney should have been aware that the county's
23 primary witness, psychiatrist Dr. Eugene _____, M.D. made
24 a false statement by calling my daughter a felon. My attorney
25 did not call a primary witness on my behalf.
26 Psychiatrist, Dr. G. Austin Conkey, M.D., who, unlike Dr.
27 Eugene _____, had seen my daughter, was not subpoenaed.
28 4)   The restraining order prohibiting my contact with my
29 daughter, I believe, is invalid, because the "protected person",
30 my daughter, never appeared in court for the hearing
   where the order was issued on July 11, 2005.
   5)   My attorney ignored my complaint that County Counsel

3 of 7

[DEFENDANT'S DECLARATION/7-30-07/C-07-80155 VRW(CW)]

JUDITH A. HOLIBER, on the witness stand against me on November 17, 2006, silently communicated with Jury Foreman Skinnell, who expressed satisfaction to her as to how the jury would vote. Their action strongly indicates their jury tampering around 11:15 a.m.

The court docket states that on November 17, 2007, the court session adjourned @ 10:00 a.m. This would show that the author of the docket made it appear that Ms. Holiber and Mr. Skinnell were not in court beyond 10:00 a.m.

6) The attorney should have been aware of subtle irregularities in the court process as well. The regular clerk in the Redwood City court trial was not present, but returned on the last day of trial. The substitute clerk appeared to be sympathetic with the prosecution. Also, Hon Susan Etezadi presided at the trial in Redwood City. She was not yet assigned to any regular courtroom in South San Francisco, but the attorney did not object to her traveling outside of her district.

7) My attorney, Mr. Hanania, did not call me to testify on my own behalf, nor did he call the witnesses that I had picked. He did not present facial evidence gleaned from a thousand pages of medical evidence and other reports. For example, he did not present a document stating that my daughter abuses drugs. The statement is false. She does not abuse drugs. There is no law enforcement report indicating that she abuses drugs.

8) The private defender failed to show that the facts of Sheriff Deputy Kovach's incident report of June 12, 2005 for the second-count misdemeanor did not justify a "51-50" charge against my daughter and an "abuse" charge against me.

3  In the third-count misdemeanor conviction (telephoning
4  my daughter), there is no law enforcement citation or incident
5  report to form a basis for an indictment.
6  9) Hon. Susan Etizaadi denied my right to terminate
7  the services of Mitri Haraona, so that I could timely
8  proceed with my filed motions for re-trial and arrest in
9  judgment (December, 2006).
10 10) In my petition for writ of habeas corpus in the
11 Superior Court, Hon. John L. Grandsaert denied the petition
12 in March, 2007 for lack of transcripts. I filed a motion
13 for reconsideration because of the reporter's delays. There
14 is yet no known response. Two court reporters stonewalled
15 in the production of the transcripts for which a fee
16 waiver on my behalf was granted by the court.
17                    CASE NO. SM 351187
18                COURT TRIAL - MAY 28, 29, 2007
19                       IN PRO PER
20 11) The facts in Section 4 are incorporated (re the
21 alleged invalid restraining order.
22 12) My daughter was forced to testify against me by,
23 and on behalf of, the county. Moreover, Hon. Elizabeth Lee
24 the presiding judge, was aware that she was forcibly drugged
25 under the terms of the conservatorship order, yet my
26 daughter's testimony was admitted as evidence of
27 criminal intent and wrong-doing (DATE OF TESTIMONY: MAY 28, 2007)
28 She appeared drugged and frightened.
                                              (continued)

[DEFENDANT'S DECLARATION / 7-30-07 / C-07-80155 VRW (CW)]

SENTENCING TRIAL - JUNE 27, 2007
PRIVATE DEFENDER: MR. CONCANNON

13) I did not receive a copy of the probation report as provided by my private defender.

RE COUNSEL'S ABUSES

14) The above statements show that the private defenders' violation of the Sixth Amendment which states that adequate counsel must be provided for a trial to exist. Under the state ruling, MARSDEN, adequate counsel did not exist for trial, conviction, and sentencing.

OTHER CONSTITUTIONAL VIOLATIONS

15) Violations of the First, Fourth, Fifth, Thirteenth, and Fourteenth Amendments expounded in other pleadings for release from custody are incorporated.

EIGHTH AMENDMENT VIOLATION

16) Prolonged incarceration is not justified by the facts of this case. I am losing my home, my business, and family while behind bars. I have no family or friends to keep me afloat as do the career criminals.
There is over-crowding in this jail. Women sleep on the floor in the dining area.

ABUSE OF DISCRETION

17) The abuse of discretion by Hon. Etezadi, Grandsaert, and Lee is demonstrated in the above statements in their handling of the issues. No harm was proven or done by me. In her bias for the medical and drug industry, Hon. Lee stated that I am a "threat to the health community." I countered that I have no desire to break the laws, as I achieved my objective of helping my daughter file her petition for writ of habeas corpus while in an unmedicated state (CASE NO. C-07-80099 PJH). After a two-year effort to get her to court while disabled from the psychotropic

drugs forcibly given to her, she and I seized the opportunity to exercise our constitutional right to litigate without the restrictions of the medication.

I declare that the above statements are true and correct under the penalties for perjury of the federal laws.

DATE: JULY 30, 2007

Respectfully Submitted,

By: *Shirley V. Remmart*
DEFENDANT

[DEFENDANT'S DECLARATION / 7-30-07 / C-07-80155 VRW(CW)]

7 of 7