**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | No. C 07-80155 CW |
| Plaintiff, | ORDER REMANDING CASE AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS |
| v. | |
| SHIRLEY V. REMMERT, | |
| Defendant. | |

Defendant Shirley V. Remmert requests leave to proceed in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915(a) to remove a criminal case, People v. Remmert, No. SM 351187A, filed against her in San Mateo County Superior Court. The Court DENIES Defendant's request to proceed in forma pauperis and remands the case to state court.

DISCUSSION

I. Legal Standard

Defendant states in her notice of removal that this case may be removed to this Court on the basis of 42 U.S.C. § 1983, a civil rights statute, joinder of the United States as a necessary party,

**United States District Court**
For the Northern District of California

and federal question jurisdiction.[1]

A.  In Forma Pauperis

The Ninth Circuit has indicated that leave to proceed IFP pursuant to 28 U.S.C. § 1915(a) is properly granted only when the plaintiff has demonstrated poverty and has presented a claim that is not factually or legally frivolous within the definition of § 1915(e)(2)(B).[2]  O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987).[3]  Thus, the court "may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Id.  An in forma pauperis complaint is frivolous if it has "no arguable basis in fact or law."  O'Loughlin, 920 F.2d at 617; Tripati, 821 F.2d at 1379.

Section 1915(e)(2)(B) accords judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims where the factual contentions are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 34 (1992).  Because a dismissal

---

[1] Defendant also cites "FRCP 1444_."

[2] Section 1915(e)(2)(B) states:

> . . . the court shall dismiss the case at any time if the court determines that--
>
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] Prior to amendment in 1996, § 1915(e)(2)(B) was numbered § 1915(d).

2

pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the in forma pauperis statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. Id.

B. Removal

Title 28 U.S.C. § 1443, which governs removal of criminal actions, provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States of the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Section 1443(1), which grants a right of removal to certain petitioners who claim federal rights based on racial equality as a defense to a state prosecution, has been narrowly interpreted by the United States Supreme Court. California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1971). Petitions for removal under § 1443(1) must satisfy two criteria. Id. First, the petitioner must assert, as a defense to the prosecution, rights arising under a federal statute providing for specific civil rights stated in terms of racial equality. Id. Second, the petitioner must assert that the state courts will not enforce these civil rights and must cite a state statute or constitutional provision that purports to command the state courts to ignore them. Id. Bad experience with the

3

particular State court in question is insufficient to meet the § 1443(1) requirements. Id.

Section 1443(2) is limited to removal of criminal cases brought against federal officers and agents. See Alabama v. Kemp, 952 F. Supp. 722, 723 (N.D. Ala. 1997).

C.  Title 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. Graham v. Connor, 490 U.S. 386, 393-94 (1989). In order to state a claim under § 1983, plaintiffs must allege two elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

II. Analysis

Title 42 U.S.C. § 1983 is inapplicable to this case because Defendant is not a plaintiff alleging the violation of a federal right by a person acting under the color of state law.

Defendant has not met either criteria for removal under § 1443(1). First, Defendant does not state in her notice of removal that she has asserted, as a defense to prosecution, rights arising under a federal statute providing for specific civil rights stated in terms of racial equality. Second, Defendant has not asserted that the state courts will not enforce these civil rights

4

1 and has not cited a state statute or constitutional provision that
2 purports to command the state courts to ignore them.  Section
3 1443(2) also is not applicable here because it is limited to
4 removal of criminal cases brought against federal officers and
5 agents, and Defendant has not alleged that she is a federal officer
6 or agent.  See Kemp, 952 F. Supp. at 723.  Therefore, this Court
7 lacks subject matter jurisdiction over Defendant's criminal case
8 and it must be remanded to state court.

CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's request to proceed in forma pauperis to remove her criminal case and remands the case to state court.

IT IS SO ORDERED.

Dated: 8/8/07

_____
CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

PEOPLE OF THE STATE OF CALIFORNIA et al,

        Plaintiff,

v.

REMMERT et al,

        Defendant.

Case Number: CV07-80155 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 8, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shirley V. Remmert
Women's Correctional Center
San Mateo County Sheriff's Office
1590 Maple Street
Redwood City,  CA 94063

Dated: August 8, 2007

                Richard W. Wieking, Clerk
                By: Sheilah Cahill, Deputy Clerk